UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| **JESSE DAVID MARSHALL** § | Case No. 23-41128 | |
| § | | |
| Debtor § | Chapter 7 | |
| § | | |

| | | |
|---|---|---|
| RYAN WHITE § | | |
| § | | |
| Plaintiff § | | |
| § | | |
| v. § | Adversary No. 23-04082 | |
| § | | |
| JESSE DAVID MARSHALL § | | |
| § | | |
| Defendant § | | |

**MEMORANDUM OF DECISION REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

On this date the Court considered "Plaintiff's Motion for Summary Judgment and Brief in Support" (the "Motion") filed by Ryan White ("Plaintiff") on August 30, 2024, together with the related objection. Plaintiff asks this Court to enter summary judgment that an alleged debt owed by Jesse David Marshall ("Defendant" or "Debtor") is nondischargeable under 11 U.S.C. § 523(a)(6) for willful and malicious injury. After consideration of the pleadings, proper summary judgment evidence, and the relevant legal authorities the Court concludes that genuine issues of material fact remain. For the reasons explained in this memorandum, Plaintiff's Motion is **DENIED**.

-1-

## I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a). This Court has authority to enter final orders in this adversary proceeding because it statutorily constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A) and (I), and meets all constitutional standards for the proper exercise of full judicial power by this Court.

## II. Facts and Procedure

Plaintiff, Ryan White, is an individual who resides in the State of Texas. Defendant, Jesse D. Marshall, is an individual who resides in the State of Texas. Plaintiff owns a home located at 4429 San Fernando Lane, McKinney, Texas 75070 (the "Property"). The roof of this home was damaged by hail on September 8, 2019.

A few months later, on April 18, 2020, Plaintiff hired Autograph Construction to repair his roof. Plaintiff and Autograph Construction entered into a written agreement (the "Contract") which contemplated that Autograph Construction would repair Plaintiff's roof using insurance proceeds from Plaintiff's insurance company. Autograph Construction was a sole proprietorship owned by Defendant. Communication continued afterwards, but a start date for the roof repair was delayed at Plaintiff's request.

Nevertheless, Autograph Construction soon began making demands for payment from Plaintiff. Then, on June 12, 2020, Defendant as the "Original Contractor" under the name "Jess Marshall dba Autograph Construction" recorded against Plaintiff's Property an

"Affidavit Claiming Mechanic's Lien" in the real property records of Collin County, Texas for the amount of $27,800.00.  This document stated that labor, materials, and work were furnished to the Property for "Roofing, Claims Processing, Labor, and Admin" through the month of May 2020. Plaintiff was not aware of the filing of this affidavit.

Other collection efforts followed, including a demand letter on August 4, 2020, a notice accusing Plaintiff of committing insurance fraud and demanding payment within five (5) days, and email exchanges.  Plaintiff also received on August 12, 2020, a letter from Transworld Systems, Inc., a debt collection company which was attempting to collect a debt on behalf of Autograph Construction.  Plaintiff later received an email from a second debt collection company, The Credit App, attempting to collect the same debt for Autograph Construction.

In 2021, Plaintiff tried unsuccessfully to refinance his mortgage.  It was at this time he learned of the recorded affidavit.  This affidavit was not released until after Plaintiff filed suit on July 12, 2022, against Defendant in Cause No. 471-03509-2022 (the "State Court Case") in the 471st District Court of Collin County, Texas for damages and removal of an invalid lien.

On June 28, 2023, Defendant filed his voluntary petition for Chapter 7 bankruptcy.[1]  This adversary and Motion followed.

---

[1] Case No. 23-41128, ECF No. 1.

### III. Summary Judgment Standard

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catlett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)). FED. R. BANKR. P. 7056 incorporates FED. R. CIV. P. 56 so as to apply to adversary proceedings. Thus, if summary judgment is appropriate, the Court may resolve the case as a matter of law.

The moving party always bears the initial responsibility of informing the court of the basis for its motion and producing evidence which it believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The manner in which the necessary summary judgment showing can be made depends upon which party will bear the burden of proof at trial. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1077 n.16 (5th Cir. 1994). "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire and Cas, Co.*, 585 F.3d 206, 210 (5th Cir. 2009); *see also Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018). "All reasonable inferences must be viewed in the light most favorable" to the nonmoving party, and "any doubt must resolved in favor of the nonmoving party." *In re Louisiana Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017) (citing *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). An actual controversy of fact

exists where both parties have submitted evidence of contradictory facts. *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).

Courts may accept the moving party's version of the facts as undisputed. *Alvarez v. United Parcel Serv. Co.*, 398 F. Supp. 2d 543, 548-49 (N.D. Tex. 2005) (overruled on other grounds); cf. *F.D.I.C. v. Foxwood Mgmt. Co., No.* 92-2434, 1994 WL 24911, at *6 (5th Cir. Jan. 14, 1994) (citing cases for the proposition that courts can accept the contents of a conclusory affidavit as true if they are unchallenged).  This comports with the notion that courts need not hunt through the record searching for a genuine issue of material fact. *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *Savers Fed. Savs. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1501 (5th Cir. 1989).  Once the movant has met its burden, the nonmovant may not rest upon allegations in the pleadings and still survive summary judgment. *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007).  The court does not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).  The nonmovant must evince more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  If the nonmoving party were to present these factual disputes at trial, they must be such that a rational fact finder might find in favor of the nonmoving party. *Id*. at 587.

## IV. Discussion

When a plaintiff seeks to except a debt from discharge granted to a debtor, the plaintiff must prove its claims by a preponderance of evidence. *Grogan v. Garner*, 498 U.S. 279, 286 (1991). All exceptions to discharge under 11 U.S.C. § 523 "must be strictly construed against a creditor and liberally construed in favor of a debtor so that the debtor may be afforded a fresh start." *Hudson v. Raggio (Matter of Hudson)*, 107 F.3d 355, 356 (5th Cir. 1997). The Fifth Circuit, however, has ruled that there are limitations to this assumption, particularly in reference to the exceptions under 11 U.S.C. § 523 in which the debtor has allegedly committed fraud. *Tummel v. Quinlivan (In re Quinlivan)*, 434 F.3d 314, 318-319 (5th Cir. 2005). Consequently, courts must balance a debtor's "fresh start" against protecting the victims of fraud.

Debts arising "from willful and malicious injury by the debtor to another entity or the property of another entity" are nondischargeable in bankruptcy. 11 U.S.C. § 523(a)(6). For an injury to be "willful," it must be "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhu v. Geiger*, 523 U.S. 57, 61-62 (1998). Thus, reckless or negligent conduct by a debtor leading to an injury is insufficient. *Id*. at 64. This means that § 523(a)(6) "applies to 'acts done with the actual intent to cause injury,' *but excludes intentional acts that cause injury*." *Williams v. IBEW Local 520 (In re Williams)*, 337 F.3d 504, 508 (5th Cir. 2003) (emphasis added) (quoting *Kawaauhu*, 523 U.S. at 61). Injuries covered by this exception are not limited to

physical damage or destruction. Harm to personal or property rights are also covered. 11 U.S.C. § 523(a)(6); *Cowin v. Countrywide Home Loans, Inc. (Matter of Cowin)*, 864 F.3d 344, 349 (5th Cir. 2017).

The 11 U.S.C. § 523(a)(6) exception for willful and malicious injury by a debtor requires either: (1) objective substantial certainty of injury; or (2) subjective motive to cause harm. *See Miller v. J.D. Abrams Inc. (Matter of Miller)*, 156 F.3d 598, 606 (5th Cir. 1998). The objective standard is met when a court finds that a debtor intentionally took action(s) that necessarily caused, or were substantially certain to cause the injury. *Rainey v. Davenport (In re Davenport)*, 353 B.R. 150, 202 (Bankr. S.D. Tex. 2006). Under the subjective test, a court must find that the debtor intended the actual injury that resulted. *Id*. The objective standard recognizes "the evidentiary reality that defendants rarely admit malicious intent." *Yu v. Lau (In re Lau)*, No. 11-40284, 2013 WL 2476359, at *7 (Bankr. E.D. Tex. May 28, 2013). Thus, a court must analyze from a reasonable person's perspective "whether the defendant's actions were substantially certain to cause harm, [and] are such that the court ought to infer that the debtor's subjective intent was to inflict a willful and malicious injury on the plaintiff." *Boyle v. Berkenbile (In re Berkenbile)*, No. 12-41969, 2014 WL 797743, at *9 (Bankr. E.D. Tex. Feb. 27, 2014) (citing *Mann Bracken, LLP v. Powers (In re Powers)*, 421 B.R. 326, 334-35 (Bankr. W.D. Tex. 2009) (citing *Berry v. Vollbracht (In re Vollbracht)*, 276 Fed. App'x. 360, 361-62 (5th Cir. 2007)). "Substantial certainty does not mean absolute certainty, but it must be

something more than a high probability." *In re Jones*, 655 B.R. 884, 894 (Bankr. S.D. Tex. 2023).

This Court has previously found that a "contractual debt may be excepted from discharge if the requisite knowledge and intent is proven." *Kampfhenkel v. Sereboff (In re Sereboff)*, Nos. 21-41671, 22-04016, 2024 Bankr. LEXIS 961, at *9 (Bankr. E.D. Tex. 2024). This is because "a contractual breach may form the basis of a cause of action under 11 U.S.C. § 523(a)(6)." *Id*. at *10. Fifth Circuit precedent requires a "knowing breach of a clear contractual obligation that is certain to cause injury" for a contractual breach to be sufficient as the basis of a cause of action under 11 U.S.C. 523(a)(6). *Williams v. Electrical Workers IBEW Local 520*, 337 F.3d 504, 511 (5th Cir. 2003). "In order to determine whether this has occurred, a court must look at the knowledge and intent of the debtor at the time of the breach." *Moraine v. Nazarko (In re Nazarko)*, Nos. 05-40372, 05-4270, 2008 Bankr. LEXIS 262, at *19 (Bankr. E.D. Tex. 2008).

Plaintiff describes this case as "a straightforward fraudulent filing of a lien case based on a mechanic's lien that Defendant filed against Plaintiff's property."[2] The filing of the mechanic's lien affidavit at issue relates to Defendant's alleged breach of a contract to repair the roof on Plaintiff's home. Thus, if no repairs had been performed as set out in the affidavit when signed and recorded by Defendant, he may have breached the underlying contract with Plaintiff. Such a breach on its own would likely qualify as a

---

[2] Mot., 1, ECF No. 22.

willful and malicious injury for purposes of 11 U.S.C. § 523(a)(6). Even if not, then the filing of a mechanic's lien by Defendant, if fraudulent in violation of TEX. CIV. PRAC. REM. CODE § 12.002(a) as alleged by Plaintiff, *also* may qualify as a willful and malicious injury for purposes of 11 U.S.C. § 523(a)(6). However, both require a showing of the requisite intent, subjective or objective, that Defendant intended to cause Plaintiff the harm he suffered by breaching the underlying contract, or by filing a fraudulent mechanic's lien, or both. While Plaintiff has established numerous facts as set out below, under the standards enumerated, the Court finds that genuine issues of material fact exist concerning, at minimum, this question of intent. Thus, a trial on the merits is warranted and the Motion should be denied.

## V. Issues Precluded from Re-Litigation

For the previously mentioned reasons, Plaintiff's requested judgment in his favor as a matter of law must be denied. Nevertheless, certain facts have been established. The following facts are relevant to the issues before the Court and have been established in this proceeding under the guidelines of Local District Court Rule CV-56, as incorporated by Local Rule of Bankruptcy Procedure 7056(d).[3]

---

[3] Local District Court Rule CV-56 directs a movant to include a Statement of Undisputed Material Facts and to support such a statement with "appropriate citations to proper summary judgment evidence." It directs a respondent that any response "should be supported by appropriate citations to proper summary judgment evidence." With regard to the disposition of the motion, the rule states:

> (c) **Ruling**. In resolving the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the response filed in opposition to the motion, as supported by proper summary judgment evidence. The court will

1. Plaintiff, Ryan White, is an individual who resides in the State of Texas.

2. Defendant, Jesse D. Marshall, is an individual who resides in the State of Texas.

3. Plaintiff owns the real property located at 4429 San Fernando Lane, McKinney, Texas 75070 (the "Property").  This Property is Plaintiff's homestead.

4. Autograph Construction is a sole proprietorship which was owned by Defendant during the time period relevant to events of this case.

5. On September 8, 2019, the roof of Plaintiff's Property sustained hail damage.

6. On April 18, 2020, Plaintiff entered into a written agreement which contemplated that Autograph Construction would repair the roof of Plaintiff's Property (the "Project").  This written agreement also contemplated that Plaintiff would use insurance proceeds he received to pay Autograph Construction for work performed.[4]  Autograph Construction was responsible to provide labor and materials for repair to the Property, and was supposed to help coordinate with Plaintiff's insurance carrier to obtain proceeds to fund the Project.

7. Autograph Construction agreed to perform the Project, ". . . contingent upon the insurance carrier's approval of the claim."  Autograph Construction had subsequent email correspondence with Plaintiff about the written agreement and Project.

8. Thereafter, work on the Project was not scheduled, and Plaintiff requested that Autograph Construction postpone the Project's start date until after May, 2020.

---

not scour the record in an attempt to unearth an undesignated genuine issue of material fact.

Thus, any failure by a respondent to controvert the material facts set forth in any of the motions or to support such a challenge by references to proper summary judgment evidence, results in the facts as claimed and supported by admissible evidence by the movant "admitted to exist without controversy." E.D. TEX. LOCAL R. CV–56(c).

[4] Mot., Ex. B, ECF No. 22.

9. On June 12, 2020, Defendant as the "Original Contractor" under the name "Jess Marshall dba Autograph Construction" recorded against Plaintiff's Property an "Affidavit Claiming Mechanic's Lien" in the real property records of Collin County, TX at Document No. 20200612000878590 (the "Lien Affidavit") in the amount of $27,800.00. The Lien Affidavit states that labor, materials, and work were furnished to the Property for "Roofing, Claims Processing, Labor, and Admin" through the month of May, 2020.[5]

10. Plaintiff was not aware of the recording of the Lien Affidavit when it was recorded.

11. The Lien Affidavit states that "A Notice of Claim was sent to the owner on or about June." But, no such notice was ever received by Plaintiff.

12. On June 17 and June 18, 2020, Plaintiff received two emails confirming a payment of $1,030.00 to Autograph Construction.[6] Neither of these emails are signed by an individual, and both state that ". . . we would reach back out to you at the beginning of August to get your project back on the production dashboard."

13. On August 4, 2020, Plaintiff received an unsigned letter from Autograph Construction stating that Plaintiff was in breach of the contract between Plaintiff and Defendant and demanding payment of $3,679.87 within ten (10) days to prevent foreclosure proceedings.[7] If this demand was not met, the letter threatened various actions, including that:

> YOUR PROPERTY WILL BE LIENED
>
> YOUR MORTGAGE COMPANY WILL BE NOTIFIED OF THE LIENS ON YOUR PROPERTY
>
> YOUR TAX FRAUD WILL BE REPORTED TO THE INTERNAL REVENUE SERVICE

---

[5] Mot., Ex. C, ECF No. 22.

[6] Mot., Ex. E, ECF No. 22.

[7] Mot., Ex. F, ECF No. 22.

> YOUR INSURANCE FRAUD WILL BE REPORTED TO FARMERS INSURANCE WITH FULL TRANSPARENCY
>
> YOUR INSURANCE FRAUD WILL BE REPORTED TO THE TEXAS DEPARTMENT OF INSURANCE

14. Attached to the August 4, 2020 letter were additional documents including (1) an unrecorded copy of the first page of the Lien Affidavit, (2) a "Certificate of Completion" from Autograph Construction with the words "Rescinded" stamped across it, (3) a "Notice" ostensibly from one Dave Gesser accusing Plaintiff of insurance fraud, and (4) a "Suspected Insurance Fraud Report" under the name "Jess Marshall." The "Suspected Insurance Fraud Report" contains a handwritten paragraph accusing Plaintiff of using " . . . insurance proceeds to pay off student loan debt . . ." and that Plaintiff " . . . has broken his commitment to his contractor & insurance carrier & quite obviously keeping his insurance proceeds & unjustly enriching himself & thereby committing insurance fraud."[8]

15. From August 5, 2020 through August 11, 2020, Plaintiff and Autograph Construction exchanged several emails regarding allegations by Autograph Construction that Plaintiff had an outstanding balance and allegations by Plaintiff that Autograph Construction was harassing Plaintiff.[9]

16. On August 12, 2020, Plaintiff received a debt collection letter from Transworld Systems, Inc., attempting to collect a balance due of $3,684.71 on behalf of Autograph Construction.[10]

17. On October 29, 2020, Plaintiff received an email from a second debt collection company, The Credit App, attempting to collect $3,679.87 " . . . that became late on 8/4/2020" on behalf of Autograph Construction.[11] Plaintiff was again contacted by The Credit App by email on August 27, 2021.

---

[8] Mot., Ex. G, H, I, and J, ECF No. 22.

[9] Mot., Ex. K, ECF No. 22.

[10] Mot., Ex. L, ECF No. 22

[11] Mot., Ex. M, ECF No. 22

18. Andrew Marshall is Defendant's brother, and came at some point to Plaintiff's Property as an employee of Autograph Construction. He parked a vehicle in Plaintiff's driveway. Andrew Marshall informed Plaintiff that he risked criminal charges if he failed to pay Autograph Construction.

19. On September 1, 2021, Plaintiff applied to Better Mortgage Corporation for a loan to refinance the mortgage on his Property.[12] Plaintiff's application was denied. It was at this time that Plaintiff first learned of the Lien Affidavit.

20. On July 12, 2022, Plaintiff filed suit against Defendant in Cause No. 471-03509-2022 (the "State Court Case") in the 471st District Court of Collin County, Texas seeking damages. Plaintiff also sought removal of an invalid or unenforceable lien pursuant to TEX. PROP. CODE § 53.160.[13]

21. Defendant released the Lien on May 3, 2023.[14]

22. On June 28, 2023, Defendant filed a voluntary petition for Chapter 7 bankruptcy.[15]

23. After the filing of his voluntary petition, Defendant formed a new company on July 14, 2023 named TX Escrow Reserve, LLC.[16]

24. On September 26, 2023, TX Escrow Reserve, LLC filed a certificate of assumed business name for Autograph Construction.[17]

---

[12] Mot., Ex N., ECF No. 22..

[13] Mot., Ex. P, ECF No. 22.

[14] Mot., Ex. S, ECF No. 22.

[15] Case No. 23-41128, ECF No. 1.

[16] Mot., Ex. U, ECF No. 22.

[17] Mot., Ex. V, ECF No. 22.

25. On September 26, 2023, Plaintiff filed his original complaint commencing this adversary proceeding.[18]

26. Service of summons was executed on Defendant on October 19, 2023.[19]

27. Defendant answered on November, 24, 2023.[20]

28. Plaintiff filed his "Motion for Summary Judgment and Brief in Support" on August 30, 2024.[21]

29. Defendant filed his response to the "Motion for Summary Judgment and Brief in Support" on October, 4, 2024.[22]

## VI. Conclusion

Based upon the Court's consideration of the pleadings, the proper summary judgment evidence submitted therewith, the relevant legal authorities, and for the reasons set forth herein, the Court concludes that the "Plaintiff's Motion for Summary Judgment and Brief in Support" filed by Plaintiff, Ryan White, is hereby **DENIED**. Plaintiff failed to demonstrate he is entitled to judgment as a matter of law regarding dischargeability raised under 11 U.S.C. § 523(a)(6). Due to this failure, the Court need not address whether Defendant's alleged violation of TEX. CIV. PRAC. REM. CODE § 12.002(a)

---

[18] Compl., ECF No. 1.

[19] ECF No. 11.

[20] Ans., ECF No. 13.

[21] Mot., ECF No. 22.

[22] Resp., ECF No. 26.

amounts to a willful and malicious injury under Section 523(a)(6). Therefore, these claims must be determined through a trial on the merits.

Numerous factual issues, however, have been established through summary judgment evidence tendered to the Court. Because the Court has not granted the relief sought by Plaintiff's Motion, it is appropriate to state the material facts that are not genuinely in dispute pursuant to Fed. R. Civ. P. 56(g). These established facts as set forth in this Memorandum shall not be re-litigated at the trial for this adversary proceeding. An appropriate order consistent with this opinion shall be entered by the Court.

Signed on 8/13/2025

_____
THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE